Call the next case of the day, and that's Noatex v. James M. Hood III. Mr. Cohn, we'll hear from you, representing Noatex. Good morning. Good morning. May I please report, Robert Cohn on behalf of Noatex Corporation. The state is liable for attorney's fees because the state intervened to defend its statute from constitutional challenge and because they lost, and that is the law in this circuit from the case of Nash v. Chandler. Strictly because of that, the denial of attorney's fees against the state should be reversed, and then we request you proceed to render the award by motion. This is the second time around for this case. Do you want to talk about subject matter jurisdiction? I believe that that has been established conclusively. The district court conclusively found that there was subject matter jurisdiction under Section 1331, federal question, because the 14th Amendment was the constitutional basis for the claim, and then when this court affirmed the judgment on the merits, like any Article III court. Don't we have the obligation any time on sua sponte to look at our jurisdiction? Absolutely, and that necessarily happened when this court affirmed on the merits. The same observation was made in the case of Fisher v. University of Texas, that if the Supreme Court has gone ahead and reached the merits and affirmed or made a ruling on the merits, as happened in the Fisher case, that necessarily means the court found the presence of jurisdiction. Every federal court has that obligation. Now, as to the other point of Judge Wiener's question, can the question be raised at any time? It cannot be raised at any time after judgment except upon motion, and that's because the standard for assessing jurisdiction in federal court changes upon the entry of judgment. It has to become indisputably clear that there was no jurisdiction if a judgment is to be challenged after it has been rendered. That's the standard under Rule 60. No motion was brought under Rule 60, but it's also indisputably clear— Did it take overt significant assistance of state officials in the transaction at issue? Well, this question is also precluded by the judgment. However, to address it here—and so for that reason, to address it here is not necessary, but because the question comes up in the briefs and the district court thought it was not addressed, the overt participation of the state came about in two forms. One, of course, was that they adopted the statute, and then secondly, that they provided in their law, including the common law, that the stop notice procedure was enforceable by the state courts, and the manner of enforcement was a form of compulsion against APMM, which was the owner of the project and the debtor whose obligations were attached. So if APMM had gone ahead to pay us in spite of the stop notice, they would have had to pay NOAA tax again, a double payment, and that is a form of penalty. One private party to another private party. You have King privately notified a private party, APMM, to retain the funds. Of a third private party, NOAA tax, the only state action was the clerk's entry of a nondiscretionary entry of a lispendence notice. Is that enough to be significant state involvement, overt state assistance? Well, certainly the clerk's entry of any action is official action, but that's not the official action that we complained about. The official action that we complained about was binding the money, and binding the money under the statute did not require the clerk's participation. But where the state did get involved is in threatening APMM with this double liability. Now, that could not have ever been enforced solely by private parties. It's not a situation where, for example, you could not have had King construction. The jurisdiction of the state of Mississippi that was not pursuant to Section 1983, there are only in Inovino, and I don't know that under 1988, do you claim you're entitled to fees under that statute against the state of Mississippi as an Inovino? Yes, Your Honor, and that is compelled by the holding in Nash v. Chandler. That is compelled by the enactment of Congress in Section 2403B, which says that when the state intervenes, they shall be liable for the costs, insofar as there are costs relating to defending the constitutionality of the challenged statute. Now, in here, in this case, that was the whole case. In Nash v. Chandler, there were other aspects of the case. There were allegations of police misconduct, police officers brandishing their weapons at the picketers, confiscating the picket signs, and all those things were litigated separately from the constitutional challenge. So that is why in Nash v. Chandler, it was inappropriate to have the state liable for all of the fees. But nevertheless, the state was liable for the fees incurred in responding to the constitutional challenge. Section 2403B says that. You say that this panel is bound by the finding of the first NOAA tax panel that there was subject matter jurisdiction. Are we also bound by the finding or the inference that King Construction was a state actor since the panel? The first panel went ahead and found that there was jurisdiction? That is binding, Your Honor. On the issue of state action, the new district judge thought that that was never argued. And then the attorney general now says that NOAA tax was dodging the issue, that we tried to somehow avoid the issue by bringing the claim as a facial challenge to the statute. But in fact, we alleged both. We alleged that it was unconstitutional on its face and that it was unconstitutional as applied to NOAA tax. And obviously, we had to show that the deprivation was the result of state action no matter which basis was used for the challenge. And we did that. We argued that in the motion for summary judgment, and that's in the record excerpts at tab 12. But let me read you what the state had to say at the summary judgment hearing. The lawyer argued for the state. This is on page 95 of the transcript. He said, the only government action is a notice which would provide for NOAA tax to take action, which they did not take. That was the state's argument. The only government action is a notice, meaning the stop notice, which would provide for NOAA tax to take action, which they did not take. That was not government action. I don't care what the state may have said. That was incorrect. Well, the district judge thought it was correct. Well, I don't care what the district judge thought either if he's not right. Now, I don't know that I'm right about it. But, I mean, it seems to me that that's no action. The state didn't serve it on it. It's true that the state did not serve the notice. The state didn't do anything except receive a piece of paper as I understand it, and that's what I wanted to ask you about. Well, exactly what happened here? What are the steps, one, two, three, four, that occurred that resulted in the payment to NOAA tax being stopped? To be very clear, and I think that the previous panel addressed this in one of the early footnotes, and the district court also articulated it exactly the same way. The money was bound in the hands of APMM because of the statute, simply because of the service of the notice from King to APMM. Was the notice served by the marshal or by mayor? No, the state authorized him to do it. The state allowed him to do it. The state allowed Mr. King's lawyer to do it. And under the statute, the effect of that, which was enforceable in court, was that the money could not be paid to NOAA tax under pain of penalty of double liability. Now, the Supreme Court of California addressed this very similar issue, and they found state action specifically because even though there was no state official involved in the service of the notice, the state courts stood behind it, and that made it state action. That's more than, and it's the flip side of, a purely self-help remedy where the state courts say, we won't interfere. If the state courts had said, we won't interfere, then APMM could have just paid us and disregarded the stop notice. But the state courts would have interfered, and they would have interfered directly on behalf of King Construction. Now, King Construction did argue. The state basically did nothing except have a statute. All right, and then they were, after the state enacted a statute years ago, the clerk of the court received the stop notice filed by, who is it, the king. And then King served it on, King's lawyers served it on NORCAT, I mean on the contract. That's true. Did they do it in that sequence? It seems that they did. It seems that they did. APMM first and then a notice given to the clerk to enter a list. It seemed, from what I can tell, they certainly filed it, and then they mailed it. So it wouldn't have been received. They probably did those on the same day, and then it was received. I thought you said it wasn't mailed. I thought you said it was personally served. Service by mail. Huh? Service by mail. They served it by mailing it. And did it come from the chancellor clerk's office or from the attorney? It came from the attorney. From the attorney. Now, there are lots of situations where attorneys are authorized to issue process for courts. Were they authorized to issue process for the court in this case? No. And, by the way, I should be clear, it's not a court that's receiving this filing. It's a clerk. The clerk of the court. It is a clerk of the chancery court. Property records. That's right. These are the property records. In Mississippi, the property records offices are housed within the clerk's office for the chancery court, but it's non-judicial. But, as I said, it's not the filing which caused the deprivation. And later, after we had moved for attorney's fees, King Construction's lawyer went back to the chancery clerk and asked the clerk to vacate the filing. To vacate the filing? The filing. But that had no effect. Is that the term they used? Vacate the filing? Yes, that's the term they used. The filing you're referring to is the lispendence notice. That's right. It's not any kind of mortgage seizure or anything like that? No. The seizure takes place because the notice is served. And allows the funds to be seized and impounded. That's correct. By the affirmative command of the law of Mississippi. That's right. That's the state act. Exactly. And enforceable by its courts with this penalty. That's why the district court felt that . . . So, on that theory, any attorney that serves a complaint on a defendant in a case, which happens often, is a state actor. And anything that he does in the course of filing that is state action. I don't accept that theory. Okay. Then why doesn't that follow from what you've said? Because the filing of a complaint does not invoke government force. Well, neither was the filing of this stop notice. Well, that's where I read it differently. Because the stop notice . . . The complaint is filed pursuant to the laws of Mississippi. The stop notice was filed pursuant to the laws of Mississippi. Both of them are delivered by an attorney. And so that's state action. Every time somebody serves a complaint or any kind of paper in Mississippi, they are a state actor and can be sued under 1983 for anything that occurs that there's a claim for a constitutional due process or other constitutional violation. I would never make that argument because it's not true. Well, that's the argument you're making, as I understand it. But something would have to happen as a result of the simple filing. If I filed a complaint . . . If it's seized and impounded . . . That is the distinction. . . . through the statute. Judge Clement's distinction is the distinction I would make, assuming that that's the distinction you're making. The filing of a complaint does not take any property. But the stop notice procedure, because it was enforceable in court . . . Remember, it didn't have to be filed at all. But because it was enforceable by the state courts, that's why it was . . . Well, it's not enforceable until something is done more than simply a lis pendens notice. It then has to be . . . you go to court and say the stop notice was violated by the party on whom it was served because they paid out the money. So, at the time of the lis pendens and the private party to private party service, as you characterized it, there's no state action. Well, there is state action because they've authorized the procedure and because they've said ahead of time . . . Back to depending on the statute, not what was done. Not just the statute. The statute plus the fact that if APMM violates it, they get punished. That is a form of state compulsion. As I understand the concept, I mean, it's basically a lien on that money. And if the contract, in this case, of the owner, had said, I'm not going to pay any attention to it. I'm going to pay this money to Nortas. Then they come in, your creditor comes in, and says, that is my money. They don't sue. They sue your money because it's a lien. And they may get the contract in it, too. But that's the same as any kind of mechanics lien, a label lien, that somebody puts on a piece of property. I mean, that's effectively what it is. And so, everybody that takes advantage of remissive statute, that puts a lien on a property pursuant to a statute, is a state actor. And that doesn't make sense to me. I don't know it may be the law, but it doesn't make sense to me. I can understand. But the fact is that the analogy to a lien was previously litigated very aggressively by the state, and they failed to prevail. They argued that it was just the same as a mechanics lien, and therefore that the taking of Noatek's property was de minimis. They also, on appeal, affirmatively waived this state action argument by failing to raise it. Wait a minute. Now, on appeal, you mean the declaratory judgment action? Yes. Where is the overt significant assistance of state officials? It doesn't say the state. It doesn't say the statute. It says overt significant assistance of state officials. That's the Supreme Court in Doar. Where was that here? Well, the state officials did not do anything overt. In this particular case, until after the judgment, the court in the chancery court in the interpleader case received the deposit. Now, normally, nobody can deposit money into court without getting permission. You have to file a motion. There's notice and the opportunity to be heard. But under the stop notice law, they had the, APMM had the right to protect itself from the penalty of double payment by going into court and depositing the money without a notice or a hearing. And in the district court's opinion here, which denied the attorney's fees, that is mentioned, that APMM went to the chancery court and deposited the money. Now, Mississippi rule 67 is the same as federal rule 67. You can't just deposit money without permission. But the stop notice law allowed them to deposit money without notice. Okay. Ms. Cohn, you have saved five minutes for rebuttal. I have. Thank you. In your rebuttal time, would you address what happens if this panel decides there's no jurisdiction and there's no state action? What does this do to the first panel's decision? Not now, but on rebuttal. Yes, Your Honor. Okay. Mr. Merical, we'll hear from you. Thank you, Your Honor. May it please the Court. Doug Merical on behalf of the State of Mississippi. I'd like to address a couple of the jurisdictional procedural questions. I'm sorry, not jurisdictional, the procedural questions, particularly on the Liz Pendent. I argued the case before the panel on the underlying declaratory judgment action. I didn't argue the case at the summary judgment stage. But one of the arguments we made before the previous panel regarding that Liz Pendent was arguing that there were some additional procedural safeguards that protected someone like Noatex. That panel rejected that argument, and the Liz Pendent's filing is not even a mandatory requirement under the statute. That's an additional step that can be taken so that the person executing the stop notice statute, which was in effect at that time, would put the world on notice that there was such a lien. But that was not a requirement of the statute itself. So I just wanted to point out that the notion of some form of state action with respect to the Liz Pendent's filing, they didn't have to do that. That attorney could have sent the stop notice under the statute as it existed at that time. That was just a mechanism to put the world on notice that that lien had been filed. All he had to do was put in the United States mails a stop notice, a notice of stop notice. As the statute existed then, yes, Your Honor, that was the requirement. That put the holder of the money on obligation that someone else was claiming the money other than. . . Other than the statute, there was no officials doing anything to assist the private parties. That's correct, Your Honors. In fact, the way the statute was, which has since been amended, but the way the statute read is that it bound the money in the hands of the person who received the stop notice. So in this case, APMM was the party who received the stop notice. So the statute says the money in dispute was then bound in the hands of APMM. APMM did subsequently move to interplead the funds. There was this notion that they were being threatened with double payment. I think they did what a reasonable party in their situation would do. They moved to interplead the funds. That was then removed to federal court. That case proceeded to be litigated for quite some time after the district court declared the statute unconstitutional and after the other panel affirmed that decision. That interpleader litigation continued. So really nothing even changed with respect to the parties between Noatex and King Construction. I believe APMM, the state was not a party to that interpleader action. I believe APMM was ultimately discharged from the interpleader, but the dispute carried on between King Construction and Noatex over the money. So that brings me to one of my other points, Your Honors. The district court, moving to the 1988 fee issue, the same query is relevant for state action, and I'd like to address that just briefly. The district court specifically said this is not form over substance, while 1983 was not specifically pled by Noatex, and the Supreme Court subsequently reversed on that issue. That really has no bearing here whatsoever today, because the district court specifically said that it was the fact that Noatex's underlying claim was not one for which Section 1983 would, for which they had a cause of action, thus not entitling it to 1988 fees against anyone. And so the court then went on to analyze under the Lugar two-part analysis of whether there was a constitutional violation or deprivation or whether or not that action would be fairly attributable to the state. Now, it was significantly briefed at the district court by King Construction's attorneys at that time. Since they were the ones being accused of being the state actor, they briefed in response to Noatex's motion for attorney's fees that King Construction was not a state actor for purposes of then attributing that action to the state. I don't know what you're arguing here, but you didn't argue that before the district court, did you? Well, that argument was raised by King Construction and considered, obviously, by the district court. And I just wanted to point to a passage, because I think King was the one, they were the ones saying you're the state actor, they were the ones responding to that, and they specifically said no judicial officer of the state of Mississippi took action at King's behest on the stop notice, nor were they asked to do so. King Construction, rather than any agent of the state of Mississippi, simply mailed the stop notice to Noatex. Mississippi law enforcement has taken no action in this case, nor was there any law enforcement officer or official asked to do so. So that was argued by the party who was the party being charged with being a state actor. And I think if you look at the court's opinion, at page 18 of his opinion, he picks up and then says there is, in fact, no state action. The state of Mississippi was not a defendant. Only King was a defendant. As the court has already noted in Doar and other prejudgment attachment cases, the states were actually made defendants in those cases. The district court cited the Doar decision, Clark v. Arizona, Fuentes, Bodie, all those line of cases where the state was a defendant. So here the state was a complete stranger to this case until it was put on notice. The state of Mississippi statute is mandatory on the attorney general. Not all states have a mandatory intervention requirement. And as a matter of fact, at the district court, Noatex cited a case from Florida involving the Florida attorney general's intervention, and there the court found that the attorney general in the Mallory case intervened on his own accord. Mississippi 7-5-1 says that the attorney general of the state of Mississippi, once he's put on notice, shall intervene to argue the constitutionality of the statute. That's what we did here. So not until after the judge reaches the decision in the district court striking down the statute, and I think this is significant as well, then the motion for attorney's fees is filed. The district judge reserved ruling on that. Also at that time, Noatex moved for additional relief and asked the district court to award it the underlying amount of damages it was seeking that was being held by King Construction. Mississippi had already lost because Noatex had already won the declaratory judgment determining that the statute was unconstitutional. So why don't you own the attorney's fees? Okay, so then the district court reserved ruling on the motion for attorney's fees while the state appealed the declaratory judgment ruling. Also at that time, Noatex appealed the denial of the motion for additional relief. Those came up, were consolidated, and argued before the panel. So not until May of 2014, well after the panel rendered its decision on the affirmance of the district court, did the district court then decide the issue of attorney's fees and said no attorney's fees against anybody were warranted because Noatex did not bring a claim for which 1983 provided a cause of action. And we're not talking about in the pleading sense. We're talking in the meritorious substantive sense that King Construction was not reasonably considered to be a state actor, and the court specifically relied on Lugar. And of course in Lugar, the distinction is made between what constitutes fairly attributable and what does not, and the bright line case there is Flagg Brothers, which we note in our brief. And in Flagg Brothers, it's exactly what we have here. You have a statute which authorized somebody to do something, but there was no state action. In Lugar, you had a situation where they announced a test, but then factually as a matter, the sheriff went out and served a writ. The clerk issued a writ, and the sheriff went out and served that writ. And under those circumstances, the Supreme Court has said we don't have any difficulty in finding that that is significant involvement of the state, but where the state here is a passive actor of adopting a statute which is subsequently declared unconstitutional, but where we, the state of Mississippi, did nothing to aid, and in fact, again, the briefing before the district court confirms that, where King said we didn't ask the state of Mississippi to do anything. We didn't ask them to serve anything. We didn't ask them to do anything other than, we didn't ask them to do anything. Under the statute, they didn't have to to get what they wanted. That's correct, and I think the distinction we're drawing here, Your Honors, is we know that the statute has been struck down, and the statute has been subsequently amended, but now we're here in the posture of attorney's fees on a claim that was never litigated. That's something that the district court, in its opinion, specifically said, and I think the district court's findings of fact are subject to a review of clear air. A declaratory judgment action results from litigation. What do you mean it wasn't litigated? The question of whether King Construction's actions were fairly attributable to the state, so if we accept the proposition that an order recover attorney's fees under 1988, hearkening through 1983, then there had to be some state action involved to warrant the attribution of King Construction's actions to the state of Mississippi. The district court said, but nowhere in the record is there any finding that the King defendants, the only defendants in this action, caused this deprivation as a state actor. That is, that the King defendants' conduct was fairly attributable to the state. So at the end of the day, and the court said this issue was never pled, proved, or ruled on. So I want to make sure I'm being clear that we are drawing a distinction between the declaratory judgment issue and the issue that's now on appeal before the court today is whether post-judgment that NOAA techs can come in and say, well, all along we could have brought this coercively as a Section 1983 claim, and had we chosen to have done that, we'd be entitled to attorney's fees. And the fact that they say that, it still requires an analysis of whether or not the private actor here, King Construction's actions, would be attributable to the state. And if the state had issued a warrant or a writ and gone out and served that writ, then I think you fall into the Lugar line of finding attribution for purposes of attorney's fees. But if you look at this from the Flagg brothers' standpoint, then I don't think that there's any dispute in the record that there's a single fact that there was no state action here. And in the first panel case, that panel specifically said, and the district court picked up on this argument, that the panel reiterated that the state's sole involvement in the case was to intervene to defend the Constitution and leave the statute. NOAA Tech's declaratory judgment action only requested a nullification of the stop notice and the nullification was the only relief that the district court granted. So the posture of how this played out, I think, is significant for the issue here today in that the district court let the appeal go forward, reserved ruling on the attorney's fees, but then that inquiry still requires there to be state action involving a private individual. For example, what if NOAA Tech had just sued the state of Mississippi and said your statute's unconstitutional? That's probably a different case. The state of Mississippi gets sued in cases where somebody, some party, is claiming a statute is unconstitutional. We defend. We have cases where we are put on notice in underlying litigation and we are required to intervene to defend. So this comes up in two different contexts. And as the court pointed out in the prejudgment attachment cases like Doar, the state of Connecticut was the defendant. They were the actor being accused of depriving the property. So I don't think it's fair to say that simply because the state has a statute and it's declared unconstitutional, ergo, there's a 1983 deprivation. Let me get him back to another question. Council opposite says that the jurisdictional issue has been decided. That is, whether the declaratory judgment action stated a federal claim. And the argument, of course, is that it did not state a federal claim because it was in the nature of a defense and not the nature of a claim. And thus, the federal court did not have federal jurisdiction. What is your comment about that? My comment about that, Your Honor, in reviewing the district court's analysis and conducting both the Skelly analysis, and then ultimately determining that the bringing of the action to declare the statute unconstitutional, albeit in the form of a declaratory judgment action under 2201 in the district court's opinion satisfied federal question jurisdiction under 1331 as it related to the 14th Amendment violation vis-a-vis the state statute. And the line of cases that discuss federal jurisdiction within the context of a declaratory judgment action, that that can satisfy federal jurisdiction. Wyckoff and those cases which do discuss this being in terms of whether this was a federal defense, I do think that there were probably . . . in my view, even though this was not briefed in this particular action, I would not necessarily disagree with the district judge's finding that an action which asks a court to declare a state statute unconstitutional based on a violation of federal law would not give the court subject matter jurisdiction. But how do you reconcile that with the cases that do hold that when it is asserted as the nature of a defense, that it does not state a federal claim? I think it requires an analysis of what the underlying defense is. For example, the Franchise Tax Board line of cases . . . Let's just go back to this case here, and you say the defense, obviously, that Nortex was going to assert against this stop notice was that it was unconstitutional. That was a total defense to this particular process and procedure. So there's no reason for them to have asserted the unconstitutionality of the stop notice statute in Mississippi except as a defense to the fact that somebody was holding their money. And if they could get that declared unconstitutional, their money would be released and given to them by virtue of a successful defense of unconstitutionality. Now, in that context, how do you reconcile the fact that it was nothing but a mere defense to the question of their holding the money that they claimed belonged to them? I think the distinction I would try to draw there would be that there certainly are, under the Wyckoff line of cases, that there are clearly things that are purely defenses which never could be federal claims versus claims which could be defenses to state law causes of action, but also because they are implicating a federal constitutional claim that a state statute is unconstitutional under whether it's the Fourteenth Amendment, the Fifth Amendment, whatever it may be, that there's an assertion of federal jurisdiction in that context. So that line of cases does not apply to issues where constitutional questions have been raised as a defense? I think it has to be examined on a case-by-case basis. It is, in fact, what is being raised, a federal constitutional claim, but I still think there are plenty of occasions where those things can masquerade as a federal defense. For example, instances where First Amendment rights have been implicated and somebody brings a declaratory judgment action before enforcement of something in state court and someone says, well, my First Amendment rights have been violated. Well, you still have to look at whether or not the person has a valid First Amendment right to assert in federal court, and it may be that they do, and if they do then there may be federal jurisdiction. And so I think I'm agreeing with you, Judge Jolly, on one part. I certainly think under the Wyckoff line of cases, which was noted by the district court, that simply asserting a defense would not be sufficient to trigger federal subject matter jurisdiction. In the same vein, does it necessarily follow that because the court in Noethex I ruled on the constitutionality of the state statute that attorney's fees now come under the rule that requires substantive and substantial action by a state official? I mean, it seems that there could be, and what I'm asking is, couldn't there be jurisdiction for that and not for this? I think that's consistent with the point I'm arguing is that here, even in the context of the Section 1988 attorney's fee claim, which was not raised until after the district court ruled on the constitutional question, that not until Noethex received that favorable ruling did they then ask for Section 1988 fees. So I think, yes, I think then it still has to be analyzed separately, which the district court did, looking at its own jurisdiction initially, but then looking at, okay, you were asking for attorney's fees under a particular statute, Section 1983, which then flows to Section 1988, and that requires the specific analysis that we've been discussing today, that there still has to be some kind of state action involved, and that when you have a private individual here king, that action has to be attributable to the state. So, I mean, what you're saying, we shouldn't be distracted by an abstraction that we've been talking about, which gets very abstract, and you would decide this case holding what? Holding that there, well, for the grounds, we would ask that the court affirm that the district court's judgment that there was no, under the Lugar case, that there is no king's actions were not state actions for purposes of recovery. Which is contrary to the first panel's ruling in this case. I'm not convinced that the first panel specifically said there was state action. That there was jurisdiction. That's correct. Has anybody argued a law of the case in this case here? Except for me. I don't know. I don't know. And I know my time has expired, if I may say one other thing. We did brief two additional issues that the district court did not reach because of his decision, and those were that NOAA Techs was not a prevailing party, as that term is defined, and I simply say that those would be additional grounds for affirmation. Certainly not waive those grounds. Thank you, Your Honor. Okay, Mr. Kahn. I'm sure you're going to make it very clear to us all. That is the goal. State action assertedly was not pled, not proved, and not ruled on. The district court, in her summary judgment decision, ruled that NOAA Techs was deprived of its property as a result of state action. Full stop. That was ruled on. Now, if anybody thought that was error, they had within 30 days to file a notice of appeal to invoke this court's jurisdiction to review it. This court's jurisdiction was invoked, but not to review the holding of state action, which is an element of the merits, not an element of jurisdiction. What do you mean that our jurisdiction was invoked, but not to look at that particular action? What I mean is that the jurisdiction was invoked by the filing of a notice of appeal, but the appeal was not perfected as to that issue because my opponents waived it in their brief and never argued it at oral argument. You can't waive jurisdiction. You cannot waive jurisdiction, but the presence or absence of state action is an element going to the merits, not jurisdiction. It goes to jurisdiction. I beg your pardon? It goes to jurisdiction if it was not the, what is the term, overt significant assistant of state officials. That's where jurisdiction is determined. I think I would take issue with that. And if I could take Judge Jolly's hypothetical, let us suppose that, contrary to the facts, let us suppose that a lawsuit was filed alleging that the mere filing and service of a complaint constituted state action of some kind in violation of some federal constitutional right or privilege. I think it's clear that the district court would have jurisdiction to hear that case and rule in favor of the defendant on the merits. Sorry, Mr. Plaintiff. There's no state action. You lose. But not because of lack of jurisdiction. The federal plaintiff would be saying some federal reason for the court to hear that case. And it's important not to... Because you would say you lose because you failed to state a federal claim. You failed to state a claim for relief on the merits. Which had to be a federal claim. Right, and that happens all the time, antitrust... Well, we always have jurisdiction to determine our jurisdiction. And that is true, but that's not to my point, because... Well, what is your point? State action can be waived, and it was waived here. And, in fact, that was briefed in the previous appeal that state action had been waived. That was briefed on appeal in the previous case. And the Supreme Court has said recently in a case called Chafin v. Chafin, very important not to confuse the merits with jurisdiction. As I understand your point is that state action is not before this court because it has been waived. And it's an issue we shouldn't decide because it has been waived. It was decided by the district court in the previous decision in the judgment, and then the appeal didn't raise it. But, obviously, the... Although it wasn't reversed. It was not reversed. It was affirmed. In the previous case. In the previous judgment in this case. Now, the court asked about law of the case. The court asked about law of the case. We're not invoking law of the case using that label. We're using issue preclusion from the previous judgment in this case. But I think it's the same result. We are bound here by the previous judgment. This is not a continuation of the previous appeal. That's the point exactly. It's not a continuation of the previous appeal. It's an entirely different matter under the rule that there must be door and whatever, that there must be significant and overt action by state officials, not by the state. Let me just ask you this question. Are you saying that in this particular appeal, state action has not been raised? You're not saying that, are you? No, not at all. I'm saying that... All right, now, you are saying that it was waived in the previous appeal? Yes, it was. After the district court had specifically found state action. State action. It was not appealed at that time. The judgment was appealed, and it was affirmed. The judgment was appealed, and it was affirmed. And the finding of state action is always... State action was not addressed in the previous appeal. State action was addressed in the previous appeal, although... How could it have been addressed if it was waived? Very simply, because as in other cases where courts have applied due process standards, you can't do that without state action. So by necessity, the previous panel did agree with the district court that there was state action. They just didn't have to write it out in words. And the reason they didn't have to write it out in words, like the other cases that have not had to write that out in words, is that the other side waived it. You argued that on appeal. Waivered. For the first panel. Yes. And also, if I can... Okay, you've run out of time. Before I get further confused, I think we'll probably stop it here. If I may ask to address Judge Wiener's question about overt action by state officials. I think you've answered that. But, I mean, I'll give you... Go ahead. Make it brief. In the Flagg case, it's clear that overt assistance by state officials is not required. Now, in that case, there was no... You made that point. Okay. Thank you. Thank you, sir.